FRANK, Chief Judge.
A recounting of each event creating a relationship and terminating in a dispute between Albert Hoffman and Stewart L. Krug is not essential to our disposition of this matter. In 1981, Hoffman and his wife entered into a lease of property in Pinellas County with Pasco Homesites, Inc. (Pasco), and its sole shareholder, Krug. The lease provided that the Hoffmans and Krug were aware that potential investors might purchase the property and operate it as a “senior citizen boarding house.” The lease further provided that if the ultimate investors did not operate the boarding house, Hoffman was free to do so. Finally, the lease stated that Hoffman was to bear the cost of improvements and he would retain all profits.
Although Krug did not agree to participate as a partner with Hoffman in the boarding house business, he did agree to share the profits upon the sale of the property if Hoffman became a co-owner and if the property sold for a profit. In 1986, Hoffman and his wife purchased the property from Krug and Pasco. A bilateral general release was executed relieving Krug and the Hoffmans from any and all claims arising from the real estate transactions. Hoffman, however, simultaneously executed a note and mortgage in favor of Krug. The Hoffmans defaulted and Krug foreclosed. This court affirmed the foreclosure judgment. Sometime thereafter, Hoffman sued Krug claiming an oral partnership agreement pursuant to which the Hoff-mans and Krug would conduct the business of an adult congregate living facility. This unfortunate setting leaves us with no choice but to affirm the trial court’s order granting Krug a final summary judgment.
Initially, the trial court denied Krug’s motion for summary judgment. Thereafter, Hoffman was deposed and that deposition was used to support Krug’s renewed motion for summary judgment. We have examined the record and are unable to distill a genuine issue of material fact warranting a reversal of the trial court’s final summary judgment. Indeed, Hoffman’s deposition discloses that if a partnership existed between Krug and him, Hoffman believed it to be a partnership in real property ownership and not in the business of maintaining and operating an adult congregate living facility.
Affirmed.
CAMPBELL and THREADGILL, JJ., concur.